**Gilvaer Insurance Agency, Inc. v. Kaess, Jr.**

*Leonard Schaeffer*, for plaintiff.
*Murray B. Dolfman*, for defendant.

BARBIERI, *J.*, December 30, 1974—This is an equity matter involving an application for an injunction by plaintiff, Gilvaer Insurance Agency, Inc., against its former employe and associate, Christian A. Kaess, Jr.

On January 21, 1972, William H. Gilvaer, the president and managing officer of plaintiff corporation, entered into a contract of employment with defendant, Christian A. Kaess, Jr. Paragraph 15 of the contract contains restrictive covenants in two clauses. The first restrained defendant from selling, soliciting or writing insurance in Philadelphia's twenty-first ward for a period of two years following the date of termination of defendant's employment for any reason. The second prohibited defendant from canvassing, soliciting or accepting any business, from any customer named in the books or records of the Gilvaer Agency, for a period of two years following termination of employment.

Under date of September 5, 1972, an addendum to the contract was entered into by the parties, wherein defendant agreed to increase the area covered by the first restrictive covenant to include a five-county area of Pennsylvania (Philadelphia, Bucks, Montgomery, Delaware and Chester) and the southern half of the State of New Jersey.

On November 28, 1973, defendant tendered his written resignation to plaintiff.

Thereafter, on November 29, 1973, Mr. Gilvaer, on behalf of plaintiff agency, addressed a letter to defendant, accepting his resignation effective December 1, 1973. In paragraph 2 of his letter, Gilvaer proposed that in exchange for Kaess relinquishing all rights of ownership in the Gilvaer Agency, he (Gilvaer) would modify the September 5, 1972 addendum so that only the original contract restriction limited to the twenty-first ward of Philadelphia would apply. Additionally, with reference to the second restrictive covenant, Gilvaer proposed to modify the restriction so that defendant could solicit certain specified and agreed-upon accounts on the books of plaintiff agency. These accounts would include business written because of a family or very close personal relationship.

Defendant never accepted plaintiff's offer as contained in the letter of November 29th, but, at trial, plaintiff agreed to limit the relief requested to the original twenty-first ward geographic restriction only, conceding that the addendum area was too extensive to be reasonable and equitably enforceable.

On June 4, 1974, plaintiff filed a complaint in equity requesting preliminary and permanent injunctions restraining defendant from soliciting business in violation of what it claimed to be two restrictive covenants in the employment contract. Defendant conceded the validity of the twenty-first ward area restriction, but contended that the broad general language in the second paragraph rendered that portion of the restrictions unconscionable and, therefore, unenforceable.

Under date of July 3, 1974, this court granted the request for a preliminary injunction which was to

remain in effect until further and final hearing on the merits of the case.

In October and November 1974, additional hearings were held and testimony for both sides was offered. At this time, defendant argued that he should be permitted to solicit all customers whose accounts he brought with him to the Gilvaer Agency in January 1972, and all customers whose new business he acquired while he was working for plaintiff agency.

There appear to be two logical approaches to a decision in this case. By either, the result is the same. Both approaches take full cognizance of the latest case law in this area, which, in essence, is that a covenant not to compete, agreed to by an employe in his contract of employment, is prima facie enforceable where (a) it is reasonably limited as to duration of time and geographical extent; and (b) it is otherwise reasonably necessary to protect the employer's proper interests, without imposing an undue hardship on the employe: Bettinger v. Carl Berke Assoc., Inc., 455 Pa. 100 (1974); Trilog Assoc., Inc. v. Famularo et al., 455 Pa. 243 (1974); Jacobson & Co. v. Int. Environment Corp., 427 Pa. 439 (1967).

By the first approach, it is possible to view both restrictive covenants in paragraph 15 as dependent upon the two-year time limitation, and the geographical limitations of the twenty-first ward in Philadelphia. Therefore, the total restriction placed upon defendant would be not to solicit any customers, and particularly any customers on the books or records of plaintiff agency, for a period of two years in the geographical area of the twenty-first ward in Philadelphia. We would view this restriction as

valid and reasonable under the case law cited previously.

The second approach is to treat the covenants in paragraph 15 separately. By this view, the first covenant not to solicit any customers for two years within the twenty-first ward of Philadelphia would be valid and reasonable.

The second covenant, however, which prohibits defendant from soliciting any of the accounts on the books and records of plaintiff agency for two years, considered alone, as plaintiff asks us to do, becomes so unreasonably broad in its restrictive scope as to be patently invalid as a matter of law. This is so, first because within this clause there is no geographical limitation whatsoever. Thus, it is void on its face under Bettinger, Trilog and Jacobson. Secondly, the second paragraph must be unenforceable in any event because it has the force and effect of nullifying the otherwise perfectly legal first restrictive covenant. Thus, under the first restriction, defendant can solicit any customers he wishes so long as they are not in the twenty-first ward, but as plaintiff interprets the second covenant, the twenty-first ward restriction becomes sheer nonsense, since the second paragraph would restrain defendant from doing business with any prior customer, no matter who he may be and no matter where geographically he might be situated. No matter how such a customer got on the books of the Gilvaer Agency, defendant would be barred from soliciting or even accepting such business although unsolicited. On this approach, of course, both clauses become unreasonable and, therefore, unenforceable.

Since it is our duty to construe the contract to

avoid illegality, we conclude that the two clauses must be construed together as restraining activity of defendant within the twenty-first ward only, the admittedly reasonable and sole area limitation in the contract.

Accordingly, based upon the foregoing findings and conclusions, this court, as chancellor in equity, hereby enters the following

### ORDER

And now, December 30, 1974, it is ordered that for a period of two years beginning December 1, 1973, and ending November 30, 1975, defendant is permanently enjoined from canvassing, soliciting or accepting any business from persons or entities residing or having places of business in the twenty-first ward in Philadelphia, whether or not such person or entity had an account or accounts on the books and records of the Gilvaer Agency on December 1, 1973.

Other relief requested by plaintiff is denied.